# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| ADAM SAMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | No. |
| | ) | |
| vs. | ) | Judge |
| | ) | |
| MULTI-PLASTICS, INC., | ) | |
| | ) | Jury Demand |
| | ) | |
| Defendant. | ) | |

## **COMPLAINT**

1. This is an action for money damages brought pursuant to the Family and Medical Leave Act, 29 U.S.C. 2601, et seq., the Employee Retirement Income Security Act, 29 U.S.C.A. § 1140, and the common law and statutes of the State of Illinois.

2. Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a). Jurisdiction for Plaintiff's state claims is based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

### Parties

4. Plaintiff ADAM SAMPSON is a resident of Bolingbrook, Illinois.

5. Defendant MULTI-PLASTICS, INC. is a Ohio corporation. At all relevant times, Plaintiff worked at Multi-Plastics' facility located at 1253 Naperville Drive, Romeoville, Illinois.

6. MULTI-PLASTICS, INC. is a covered entity under the FMLA in that is has greater than 50 employees.

7. SAMPSON was entitled to the protections of the FMLA in that he worked full-time for MULTI-PLASTICS for greater than 12 months prior to the time when he sought FMLA leave.

**Facts**

8. Plaintiff ADAM SAMPSON began working for Defendant MULTI-PLASTICS INC. in August 2008.

9. In February 2010, Plaintiff was working as a machine operator in Defendants' Romeoville, Illinois factory.

10. The essential functions of Plaintiff's job included standing for up to 8 hours at a time and lifting items that weigh up to 100 pounds.

11. On February 19, 2010, Plaintiff sustained a back injury at work, which caused severe back and leg pain.

12. Plaintiff sought medical treatment for the back injury and was diagnosed with a degenerated lumbar disc, low back syndrome, a herniated lumbar disc, and spinal stenosis.

13. Plaintiff was not capable of performing the essential functions of his job as a machine operator due to this injury.

14. Plaintiff's doctor scheduled Plaintiff for a L-4 and L-5 Laminectomy on April 6, 2010.

15. Plaintiff requested FMLA leave to recover from his injuries and to have the surgery. Pursuant to Defendant's procedures, his request was supported by a Certification of Health Care Provider form, in which his doctor explained Plaintiff's medical conditions and work restrictions.

16. Plaintiff also hired an attorney and brought a workers compensation action.

17. Plaintiff went on leave beginning February 19, 2010.

18. On April 13, 2010, approximately seven weeks after Plaintiff's leave began, Defendant, through its benefits administrator Patricia Johnson, sent Plaintiff a letter terminating his employment on the basis that Plaintiff had exhausted his medical leave.

19. Defendant sponsored a long-term disability plan for employees.

20. Under the terms of that plan, Plaintiff was entitled to begin receiving benefits after 90 days out of work.

21. Plaintiff was terminated 53 days after his disability leave began.

22. As a direct and proximate result of the acts described above, Plaintiff suffered damages.

## COUNT I
### (29 U.S.C. § 2612 – FMLA Interference)

23. Plaintiff realleges paragraphs 1 through 22 as if fully set forth herein.

24. Plaintiff was eligible for the FMLA's protections.

25. Defendant was covered by the FMLA.

26. Plaintiff was entitled to leave under the FMLA in that he was afflicted with a serious health condition that rendered him unable to perform the functions of his job.

27. Plaintiff provided sufficient notice of his intent to take leave.

28. Defendant denied Plaintiff FMLA benefits to which he was entitled

WHEREFORE, Plaintiff asks that this Honorable Court:

    a) Enter judgment against Defendant,

    b) Award Plaintiff back pay, compensatory and punitive damages,

    c) Award attorneys' fees and costs, and

    d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT II
### (29 U.S.C. § 2612 – FMLA Retaliation)

29. Plaintiff realleges paragraphs 1 through 22 as if fully set forth herein.

30. Plaintiff engaged in a protected activity in that he requested and took FMLA leave due to his back injury.

31. At all relevant times, Plaintiff met the employer's legitimate expectations.

32. Plaintiff suffered an adverse employment action in that he was terminated.

33. Similarly situated employees who did not take FMLA leave were not terminated.

34. There is a causal connection between Plaintiff's termination and his exercise of his FMLA rights.

WHEREFORE, Plaintiff asks that this Honorable Court:

    a) Enter judgment against Defendant,

    b) Award Plaintiff back pay, compensatory and punitive damages,

    c) Award attorneys' fees and costs, and

    d)    Award any further relief that this Honorable Court deems just and equitable.

## COUNT III
## (29 U.S.C.A. § 1140 – ERISA Retaliation)

35.    Plaintiff realleges paragraphs 1 through 22 as if fully set forth herein.

36.    Plaintiff was terminated because Defendant wanted to avoid its obligations to pay long-term disability benefits to Plaintiff under its qualified employee welfare plan.

WHEREFORE, Plaintiff asks that this Honorable Court:

    a)    Enter judgment against Defendant,

    b)    Award Plaintiff compensatory and punitive damages,

    c)    Award attorneys' fees and costs, and

    d)    Award any further relief that this Honorable Court deems just and equitable.

## COUNT IV
## (820 ILCS 305/1 et seq – Workers' Compensation Retaliatory Discharge)

37.    Plaintiff realleges paragraphs 1 through 22 as if fully set forth herein.

38.    Plaintiff was injured while an employee of Defendant;

39.    Plaintiff exercised a right protected by the Workers' Compensation Act by filing a claim for his injuries;

40.    Plaintiff was discharged because he exercised this right;

41.    Defendant lacked a valid, nonpretextual basis for discharging Plaintiff.

WHEREFORE, Plaintiff asks that this Honorable Court:

    a)    Enter judgment against Defendant,

    b)    Award Plaintiff back pay, compensatory and punitive damages,

    c)    Award attorneys' fees and costs, and

    d)    Award any further relief that this Honorable Court deems just and equitable.

**Jury Trial Demanded**

         Respectfully submitted,

         <u>/s/ Adele D. Nicholas</u>
         *Counsel for the Plaintiff*

Lawrence V. Jackowiak
Jackowiak Law Offices
20 North Clark Street, Suite 1700
Chicago, Illinois 60602
(312) 795-9595